**JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP**
Michael J. Saltz, Esq.  SBN 189751
msaltz@jrsnd.com
Elana R. Levine, Esq. SBN 234155
lani@jrsnd.com
Matthew B. Roberts, Esq. SBN 287616
mroberts@jrsnd.com
1880 Century Park East, Suite 900
Los Angeles, CA  90067
Telephone: (310) 446-9900
Facsimile: (310) 446-9909

Attorneys for Plaintiffs RACHEL BETH KATZ and
RACHEL KATZ, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL BETH KATZ, an individual; and RACHEL KATZ, LLC, a California Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTIN CAVALLARI, an individual; UNCOMMON JAMES, LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-01336<br><br>**COMPLAINT FOR:**<br><br>(1) **FEDERAL TRADEMARK INFRINGEMENT [15 U. S. C. Section 1114 / Lanham Act Section 43(a)]**<br>(2) **FEDERAL COPYRIGHT INFRINGEMENT [17 U. S. C. Section 501(a)]**<br>(3) **TRADEMARK DILUTION [15 U. S. C. Section 1125(c) and** *California Business & Professions Code* **Section 14330];**<br>(4) **VIOLATION OF** *BUSINESS & PROFESSIONS CODE* **§ 17200,** *ET SEQ.*; **and**<br>(5) **UNJUST ENRICHMENT/ CONSTRUCTIVE TRUST**<br><br>**JURY TRIAL DEMANDED** |

**Jacobson, Russell, Saltz, Nassim & de la Torre, LLP**
1880 Century Park East, Suite 900  Los Angeles, CA  90067
Tel.: 310.446.9900 • Fax: 310.446.9909

Plaintiffs RACHEL BETH KATZ and RACHEL KATZ, LLC (collectively "Plaintiffs") through their counsel, complain against defendants KRISTIN CAVALLARI and UNCOMMON JAMES, LLC, and DOES 1 through 50, inclusive (collectively, "Defendants"), and respectfully alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiffs create and design unique jewelry for sale to consumers throughout the United States.  Plaintiffs own these designs in exclusivity. They use them for profit by selling individual pieces of each jewelry design.  Defendants have knowingly and intentionally used at least two of such designs in the production of unauthorized "knockoff" or imitations goods, which infringe on Plaintiffs' intellectual property rights.

## JURISDICTION AND VENUE

2.     The Court has original subject matter jurisdiction over Plaintiffs' federal claims arising under the Copyright Act of 1976, Title 17 United States Code Section 101 *et seq.*, under 28 United States Code Sections 1331, 1338(a) and (b).

3.     This Court has personal jurisdiction over the Defendants because the events or omissions giving rise to the claim occurred, the tortious acts occurred, and a substantial part of the injury took place and continues to take place, in this judicial district.

4.     Venue is proper in United States District Court for the Central District of California pursuant to 28 United States Code Sections 1391(b), 1391(c) and 1400(a) on information and belief that this is a judicial district in which a substantial part of the events giving rise to the claims occurred, and a substantial part of the injury took place and continues to take place.

## THE PARTIES

5.     Plaintiff RACHEL KATZ is an individual residing in the County of Los Angeles, State of California.

6.     Plaintiff RACHEL KATZ, LLC is a limited liability company registered in

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900 Los Angeles, CA 90067
Tel.: 310.446.9900 • Fax: 310.446.9909

California and doing business within the jurisdiction of this Court.

7. On information and belief, Defendant KRISTIN CAVALLARI is an individual residing in or near the City of Nashville, Davidson County, State of Tennessee.

8. On information and belief, Defendant UNCOMMON JAMES, LLC is a limited liability company actively registered in the state of Delaware and doing business within the jurisdiction of this Court, including but not limited to online sales and a physical retail sales location at The Grove located at 189 The Grove Drive in the City and County of Los Angeles, State of California. On information and belief, Defendant KRISTIN CAVALLARI is a member, manager, and/or officer of UNCOMMON JAMES, LLC, and transacts on its behalf in the ordinary scope of its business. To be certain, according to Defendant UNCOMMON JAMES, LLC's website, it was and is "founded and creatively directed by" Defendant KRISTIN CAVALLARI, Defendant KRISTIN CAVALLARI "designed" the jewelry being sold by Defendant UNCOMMON JAMES, LLC,  and Defendant KRISTIN CAVALLARI has "a hand in every facet of" Defendant UNCOMMON JAMES, LLC. See https://uncommonjames.com/pages/our-story .

9. Defendants DOES 1 through 50 are individuals and/or entities whose true names and capacities are presently unknown to Plaintiffs.  Plaintiffs are informed and believe that at all times herein mentioned, each of the fictitiously-named defendants was the agent, servant, and/or employee of his or her co-defendants and, in doing the things herein mentioned, was acting within the scope of his or her authority as such agent, servant, and/or employee, and with the permission and consent of his or her co-defendants, and that each of said fictitiously named defendants is, in some manner, liable or responsible to Plaintiffs based upon the facts herein alleged, and thereby proximately caused injuries and damages to Plaintiffs. Accordingly, Plaintiffs sue said defendants by said fictitious names.  At such time as said defendants' true names and capacities become known to Plaintiffs, Plaintiffs will seek leave to amend this Complaint to insert said true

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900  Los Angeles, CA  90067
Tel.: 310.446.9900  •  Fax: 310.446.9909

names and capacities of such individuals and/or entities.

10.     Plaintiffs are informed and believe that at all times mentioned herein Defendants KRISTIN CAVALLARI, UNCOMMON JAMES, LLC and DOES 1-50 inclusive, and each of them (collectively, "Defendants'), were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

11.     Plaintiffs are informed and believe that Defendant UNCOMMON JAMES, LLC is Defendant KRISTIN CAVALLARI's alter ego. In particular, there is such a unity of interest and ownership that the separate personalities of each defendant no longer exist. Accordingly, Defendant KRISTIN CAVALLARI is using the corporate form unjustly and in derogation of the Plaintiffs' interests.  If the acts of any particular defendant are treated as those of a business entity alone, then the other defendants' infringing conduct will be permitted to continue, which is an inequitable result.

## PLAINTIFFS' INTELLECTUAL PROPERTY

12.     Plaintiff RACHEL BETH KATZ owns, and had owned prior to the infringing acts complained of herein, United States Copyright Registration No. VA-0001940920, which included two-dimensional graphics depicting jewelry styles designed by Plaintiffs.  Plaintiff RACHEL KATZ LLC owns, and had owned prior to the infringing acts complained of herein, United States Copyright Registration No. VA-0001990941.

13.     Plaintiff RACHEL KATZ LLC owns, and had owned prior to the infringing acts complained of herein, United States Patent and Trademark Office Registration No. 5393108, which describes a registered design trademark for jewelry styles designed by Plaintiffs.  The trademark registration describes the mark as follows: "The mark consists of three-dimensional configuration of a ring featuring two parallel bands that are connected by arrows pointing towards each other forming the band."

14.     RACHEL KATZ LLC's trademark registration also includes a two-dimensional graphic depicting the protected jewelry design.

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900  Los Angeles, CA  90067
Tel.: 310.446.9900 • Fax: 310.446.9909

15.   Plaintiffs' trademarks, copyrights, and associated intellectual property are herein collectively referred to as the "Designs," inclusive of any other intellectual properties which are also the subject of Defendants' infringing conduct herein alleged.

**DEFENDANTS' INFRINGING CONDUCT**

16.   Plaintiff RACHEL BETH KATZ is a renowned jewelry designer who regularly sells, licenses, or otherwise exploits her fine jewelry design to consumers via retail sales.  Plaintiffs' products are marketed and sold to affluent clients, including but not limited to a devoted fan base of celebrities and people of notable influence. Well-known entertainers and notable people of influence routinely wear and feature Plaintiffs' jewelry to red-carpet, press, and award events. Such celebrities and people of notable influence that have been photographed wearing Plaintiff's jewlery include, but are not limited to:

A. Michelle Obama                    B. Angelina Jolie





Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900 Los Angeles, CA  90067
Tel.: 310.446.9900 • Fax: 310.446.9909

C. Cindy Crawford                    D. Sandra Bullock

     

17.    Plaintiff RACHEL BETH KATZ is a manager and controlling member of Plaintiff RACHEL KATZ, LLC.  Collectively, Plaintiffs do business as "Rachel Katz Jewelry."

18.    In particular, Plaintiffs designed and offered for sale two distinctive jewelry pieces, which are her "Diamond Dagger Ring" and her "Diamond Dagger Cuff."  Those pieces use her "Dagger Style" of jewelry design, which constitute the Designs protected by Plaintiffs' registered trademarks and copyrights as set forth above.

19.    The Dagger Style of Rachel Katz Jewelry consists of two gold-colored parallel bands that come together at the ends in a "V" formation and curve around the wearer's wrist or finger.  The "V" formation is lined with seven (7) diamond studs. A single diamond marks the closing point of the "V" formation, and a row of three (3) diamonds extends down each side of the "V."

20.    Well-known entertainers and notable people of influence have routinely been photographed wearing and featuring Plaintiffs' "Diamond Dagger Ring" jewelry to red-carpet, press, and award events. Such celebrities and people of notable influence

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900  Los Angeles, CA  90067
Tel.: 310.446.9900 • Fax: 310.446.9909

that have been photographed wearing Plaintiffs' "Diamond Dagger Ring" jewelry include, but are not limited to:

A. Taylor Swift

B. Charlize Theron





C. Kate Hudson

D. Heidi Klum





**Jacobson, Russell, Saltz, Nassim & de la Torre, LLP**
1880 Century Park East, Suite 900  Los Angeles, CA  90067
Tel.: 310.446.9900 • Fax: 310.446.9909

E. Jada Smith

F. Emma Stone





G. Olivia Munn

H. Lauren Conrad





**Jacobson, Russell, Saltz, Nassim & de la Torre, LLP**
1880 Century Park East, Suite 900  Los Angeles, CA  90067
Tel.: 310.446.9900 • Fax: 310.446.9909

21.  Well-known entertainers and notable people of influence have routinely been photographed wearing and featuring Plaintiffs' "Diamond Dagger Cuff" jewelry to red-carpet, press, and award events. Such celebrities and people of notable influence that have been photographed wearing Plaintiffs' "Diamond Dagger Cuff" jewelry include, but are not limited to:

A. Scarlett Johansson                              B. Amber Heard




22.  Defendant KRISTIN CAVALLARI is a reality television personality who uses her celebrity image to market and sell her lines of merchandise, including the "Uncommon James" brand of jewelry. On information and belief, Defendant UNCOMMON JAMES, LLC sells mass-produced items online and in retail stores (e.g., as costume jewelry), including at retail stores in the City and County of Los Angeles, State of California. On information and belief, Defendants KRISTIN CAVALLARI's and UNCOMMON JAMES, LLC's jewelry is so poorly made, that they have earned an unenviable overall "Two-Star" ranking on Yelp.com from its customers complaining of the unacceptable quality of their jewelry and customer service provided at their Los Angeles location. See https://www.yelp.com/biz/uncommon-james-los-angeles .

23.  On or about January 24, 2021, Plaintiff RACHEL KATZ visited a retail store in Chicago, Illinois that sold Uncommon James jewelry to in-store customers. At

that time, Plaintiffs became aware that Defendants, individually, and acting together, had been selling jewelry under the "Uncommon James" brand that are identical or substantially similar to Plaintiffs' protected and registered Designs (the "Infringing Items").

24.    Specifically, Defendants, and each of them, were marketing and selling a bracelet called the "Paradise Bracelet," which is identical or substantially similar to Plaintiffs' Diamond Dagger Cuff.

25.    Additionally, Defendants, and each of them, were marketing and selling a ring called the "Sunset Ring," which is identical or substantially similar to Plaintiffs' Diamond Dagger Ring.

26.    Accordingly, Defendants' "Paradise Bracelet" and "Sunset Ring" are Infringing Items that violate Plaintiffs' intellectual property rights in Plaintiffs' Designs.

27.    To be sure, a side-by-side examination of the jewelry pieces reveals the identical or substantially similar design of the Infringing Items, as revealed by the following photographs:

Plaintiffs' Diamond Dagger Ring          Defendants' Sunset Ring





Plaintiffs' Diamond Dagger Cuff          Defendants' Paradise Bracelet




Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900  Los Angeles, CA  90067
Tel.: 310.446.9900 • Fax: 310.446.9909

28. Upon information and belief, Defendants have misappropriated the Designs, and are selling Infringing Items online and to retail stores throughout the United States, including but not limited to sales within this judicial district.

29. Upon information and belief, Defendants are, without Plaintiffs' authorization, unlawfully reproducing, importing, distributing, and/or selling Infringing Items in this judicial district that feature a design that is identical to, or substantially similar to, Plaintiffs' Designs.

30. Upon information and belief, Defendants' infringing uses of the Designs are not limited to the Infringing Items described above, and other pieces Defendants created, manufactured, or caused to be distributed may also infringe on Plaintiffs' intellectual property rights in the Designs.

31. In or about March 2021, Plaintiffs caused a letter to be delivered to Defendants KRISTIN CAVALLARI and UNCOMMON JAMES, LLC via United States Postal Service certified mail to an address in Nashville, Tennessee. The letter expressed concern that the Uncommon James items seemed to resemble the Plaintiffs' Designs too closely. The letter provided Plaintiffs' contact information and requested that the recipient provide more information about the design of the Infringing Items.

32. Upon information and belief, Defendant KRISTIN CAVALLARI resides or does business at the address to which Plaintiffs' letter was sent. Upon information and belief, Defendant KRISTIN CAVALLARI received Plaintiffs' letter.

33. As of the time of the drafting of this Complaint, Defendants ignored, disregarded, or otherwise failed to respond to Plaintiffs' letter.

34. Upon information and belief, Defendants continue to misappropriate the Designs and to unlawfully reproduce, import, distribute, and/or sell Infringing Items, in this judicial district, featuring a design, which is identical or substantially similar to the Designs.

35. In particular, Plaintiff RACHEL BETH KATZ visited the online catalog for Uncommon James jewelry on or about May 24, 2021. The catalog offered the

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900  Los Angeles, CA  90067
Tel.: 310.446.9900  •  Fax: 310.446.9909

Infringing Items for sale online, including but not limited to the Paradise Bracelet and the Sunset Ring.  As of the date of the drafting of this Complaint, those websites are still active, and Infringing Items are still listed on the Uncommon James online catalog.[1]

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement Against

### Defendants KRISTIN CAVALLARI, UNCOMMON JAMES, LLC, and DOES 1-10

### [15 U. S. C. Section 1114 / Lanham Act Section 43(a)]

36.    Plaintiffs repeat and re-allege every allegation set forth in Paragraphs 1 through 35 above.

37.    On information and belief, Defendants KRISTIN CAVALLARI, UNCOMMON JAMES, LLC, and DOES 1-10 (hereinafter collectively referred to as the "Trademark Infringement Defendants") are actually aware that Plaintiff RACHEL KATZ, LLC is the registered trademark holder of the Dagger Style and Designs. Further, Plaintiffs' registrations of trademarks give constructive notice of Plaintiffs' ownership rights.

38.    Trademark Infringement Defendants failed to obtain the consent or authorization of Plaintiffs as the registered owner of the subject name and mark to commercially distribute and market jewelry that was substantially similar to Plaintiffs' Designs into the stream of commerce.

39.    Trademark Infringement Defendants intentionally and knowingly used in commerce the reproduction counterfeit, copy, and/or colorable imitation of Plaintiffs' registered design trademarks in connection with the sale, offering for sale, distribution, or advertising of Plaintiffs' Designs by offering, advertising, promoting, retailing, selling, and distributing substantially similar items.

---

[1] See https://uncommonjames.com/products/paradise-bracelet ; and https://uncommonjames.com/products/sunset-ring .

Case No.:  2:22-cv-01336
File No.:  8.189.001                              11
COMPLAINT

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900  Los Angeles, CA  90067
Tel.: 310.446.9900 • Fax: 310.446.9909

40.     Trademark Infringement Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiffs' registered design Mark and applied such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods. Defendants thereupon offered, advertised, promoted retailed sold and distributed through http://www.uncommonjames.com the imitation jewelry.

41.     Trademark Infringement Defendants' egregious and intentional use and sale of imitation items bearing Plaintiffs' registered Designs is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that the items are authentic jewelry manufactured by Plaintiffs, and otherwise dilute the impact and notoriety of Plaintiffs' registered design mark.

42.     Trademark Infringement Defendants' ongoing and continued knowing use of Plaintiffs' trademarks without Plaintiffs' consent or authorization constitutes intentional infringement of Plaintiffs' federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. Section 1114.

## SECOND CLAIM FOR RELIEF

**Federal Copyright Infringement Against Defendants**

**KRISTIN CAVALLARI, UNCOMMON JAMES, LLC, and DOES 11-20**

**[17 U. S. C. Section 501(a)]**

43.     Plaintiffs repeat and re-allege every allegation set forth in Paragraphs 1 through 42 above.

44.     Plaintiffs are the exclusive owners of the copyright in their jewelry Designs. Collectively they possesses two copyright registrations with the United States Copyright Office in Rachel Katz Jewelry Designs (registration numbers VA-0001990941 and VA-0001940920).

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900 Los Angeles, CA 90067
Tel.: 310.446.9900 • Fax: 310.446.9909

45.   Defendants KRISTIN CAVALLARI, UNCOMMON JAMES, LLC, and DOES 11-20 (hereinafter collectively referred to as the "Copyright Infringement Defendants") have actual notice of Plaintiffs' exclusive copyright rights in the Designs.

46.   Plaintiffs' trademark registrations at the United States Patent and Trademark Office further provide constructive notice of Plaintiffs' ownership rights in the Designs.

47.   Copyright Infringement Defendants did not seek and failed to obtain Plaintiffs' consent or authorization to utilize, manufacture, reproduce, copy, display, commercially distribute and market in commerce or otherwise the Designs.

48.   Without permission, Copyright Infringement Defendants intentionally and knowingly reproduced, counterfeited, copied, displayed, and manufactured colorable imitations of the Designs by offering, advertising, promoting, retailing, selling, and distributing imitation jewelry items containing the copyrighted Designs.

49.   Copyright Infringement Defendants intentionally and willfully applied their infringing uses of the Designs to labels, signs, printed notices, packaging, wrappers, receptacles, and advertisements in connection with the fraudulent sale, offering for sale, distribution, or advertising of Copyright Infringement Defendants' goods. Copyright Infringement Defendants thereby publicly distributed Infringing Items through their Internet website, http://www.uncommonjames.com.

**THIRD CLAIM FOR RELIEF**

**Dilution by Tarnishment Against Defendants**

**KRISTIN CAVALLARI, UNCOMMON JAMES, LLC, and DOES 21-30**

**[15 U.S.C. Section 1125(c); California Business and Professions Code Section 14330 et seq., and California Common Law]**

50.   Plaintiffs repeat and re-allege every allegation set forth in Paragraphs 1 through 49 above.

51.   Plaintiffs' Dagger Style and Rachel Katz Jewelry Designs are "famous" within the meaning of the Lanham Act and are distinctive in the state in which trademark

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900 Los Angeles, CA 90067
Tel.: 310.446.9900 • Fax: 310.446.9909

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900  Los Angeles, CA  90067
Tel.: 310.446.9900 • Fax: 310.446.9909

registration was obtained by virtue of the substantial inherent and acquired distinctiveness of the mark, the extensive use in the relevant states, and the wide advertising and publicity of Plaintiffs' goods bearing the Designs.

52.    As a result of the substantial inherent and acquired distinctiveness in Plaintiffs' Designs, extensive use in the states in which registration was obtained, and the wide advertising and publicity of the Designs, Plaintiffs' Designs have become strong and widely identified and respected.

53.    Upon information and belief, the unlawful conduct of Defendants KRISTIN CAVALLARI, UNCOMMON JAMES, LLC, and DOES 21-30 (hereinafter collectively referred to as the "Tarnishment Defendants") began long after Plaintiffs' Designs became famous, and the Tarnishment Defendants acted knowingly, deliberately, and willfully with the intent to trade on the reputation Plaintiffs and their designs and to dilute the value of Plaintiffs' property.  Tarnishment Defendants' conduct is willful, wanton, and egregious.

54.    Tarnishment Defendants' actions complained of herein are likely to injure the business reputation of Plaintiff and her Designs.

55.    Tarnishment Defendants' intentional sale of imitation jewelry items bearing Plaintiffs' Designs are likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine Rachel Katz Jewelry pieces.

56.    Tarnishment Defendants' unauthorized and counterfeit use of Plaintiffs' famous Designs has diluted and will continue to dilute and tarnish Plaintiffs' name and value of their property, and is likely to detract from the distinctiveness of the Designs.

57.    Tarnishment Defendants' conduct was intended to trade on Plaintiffs' reputation and goodwill and the quality and high standards of Plaintiffs' products. Defendants' failure to meet Plaintiffs' strict regulations of material, design, craftsmanship and workmanship will mar the perception among consumers regarding Plaintiffs' products, will tarnish and dilute the strength and value of Plaintiffs'

intellectual property, and will saturate the jewelry market with substandard imitation pieces.

58. Tarnishment Defendants' willful and continued use of the Designs constitutes intentional infringement of Plaintiffs' common law trademarks in violation of 15 U.S.C. Section 1125(c) and California common law, as well as dilution and injury to business reputation in violation of California Business & Professions Code Section 14330 *et seq*.

59. Plaintiffs have no adequate remedy at law to compensate them fully for the damages that have been caused and which will continue to be caused by Tarnishment Defendants' unlawful acts unless restrained by the Court.

## FOURTH CLAIM FOR RELIEF

**Unlawful, Unfair, Fraudulent Business Practices Against Defendants**
**KRISTIN CAVALLARI, UNCOMMON JAMES, LLC, and DOES 31-40**
**[California Business & Professions Code Section 17200 et seq.]**

60. Plaintiffs hereby incorporate each and every allegation contained in paragraphs 1 through 59.

61. Defendants KRISTIN CAVALLARI, UNCOMMON JAMES, LLC, and DOES 31-40 (hereinafter collectively referred to as the "Unlawful Business Defendants") have committed all of the aforesaid acts of infringement deliberately, willfully, maliciously, and oppressively, without regard to Plaintiffs' legal, contractual, and exclusive proprietary rights.

62. Unlawful Business Defendants' acts and practices as detailed above constitute acts of unlawful, unfair, or fraudulent business acts and practices within the meaning of *California Business & Professions Code* Section 17200 *et seq.* ("Section 17200")

63. Unlawful Business Defendants' conduct continues to be unfair, unlawful, and harmful to Plaintiffs.

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900  Los Angeles, CA  90067
Tel.: 310.446.9900 • Fax: 310.446.9909

64.   Plaintiffs are "persons" within the meaning of Business and Professions Code § 17204, and therefore have standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

65.   Plaintiffs are informed and believe that, as stated above, Unlawful Business Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, the Unlawful Business defendants have acted contrary to these public policies, have violated Plaintiffs' intellectual property rights, have used Plaintiffs' Designs without permission, have engaged in unethical business practices, have unlawfully profited at Plaintiffs' expense, and have engaged in other unlawful and unfair business practices in violation of Section 17200, thereby depriving Plaintiffs of rights, benefits, and privileges guaranteed to all "persons" under the law.

66.   Plaintiffs are informed and believe that the Unfair Business Defendants' conduct, as alleged herein above, constitutes unfair competition in violation of Section 17200, *et seq*.

67.   Unlawful Business Defendants have engaged in transactions that are in violation of California state law.   Strict liability may be applied even if Unlawful Business Defendants' acts have violated only one of the provisions set forth above.

68.   Unlawful Business Defendants knew, or in the exercise of reasonable care should have known, that their conduct was unlawful.   As such, it is a violation of Section 17200*, et seq*.   As a proximate result of the above-mentioned acts of the Unfair Business Defendants, Plaintiffs have lost money and/or property in the form of lost profits, missed opportunities, and diluted value of Plaintiffs' Designs.

69.   Plaintiffs are informed and believe that there are no adequate remedies at law to address the Unfair Business Defendants' conduct.   The value of Plaintiffs' work has been destroyed, and consumers already are sufficiently confused about the origin of Plaintiffs' Designs.   Pursuant to Section 17200 et seq., this Court should make such orders or judgments as may be necessary to prevent the use of Plaintiffs' designs and of any other unlawful or deceptive practices prohibited by the *Business & Professions*

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900  Los Angeles, CA  90067
Tel.: 310.446.9900 • Fax: 310.446.9909

*Code*, including but not limited to disgorgement of profits or imposition of a constructive trust.

70.  Pursuant to California *Business & Professions Code* Section 17203, Plaintiffs seek an order from this Court prohibiting the Unlawful Business Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices set forth in this Complaint and/or ordering that the Unlawful Business Defendants perform their obligations under the law and cancel any illegal obligations.

71.  Plaintiffs additionally request an order from this Court requiring that the Unlawful Business Defendants disgorge profits and return or pay to Plaintiffs all of the Unlawful Business Defendants' ill-gotten gains obtained from the illegal transactions, and/or pay restitution, including the amount of moneys that should have been paid if Unlawful Business Defendants complied with their legal obligations, or, as equity requires.

72.  Plaintiffs further request a court order that an asset freeze or constructive trust be imposed over all monies in Defendants' possession which rightfully belong to Plaintiffs.

### **FIFTH CLAIM FOR RELIEF**

**Unjust Enrichment / Constructive Trust Against Defendants**

**KRISTIN CAVALLARI, UNCOMMON JAMES, LLC, and DOES 41-50**

73.  Plaintiffs hereby incorporate and re-allege each and every allegation contained in paragraphs 1 through 72 above.

74.  By virtue of the egregious and illegal acts of KRISTIN CAVALLARI, UNCOMMON JAMES, LLC, and DOES 41-50 (hereinafter collectively referred to as the "Unjustly Enriched Defendants") as described above, the Unjustly Enriched Defendants have been unjustly enriched in an amount to be proven at trial.

75.  Defendants' retention of monies gained through its deceptive business practices, infringements, acts of counterfeit and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900, Los Angeles, CA 90067
Tel.: 310.446.9900 • Fax: 310.446.9909

76.   California Civil Code Section 2223 and 2224 provide that a constructive trust is created where a defendant takes another's property by fraud or any other wrongful act.  Accordingly, Plaintiffs pray for an order of this Court imposing trustee status on the Unjustly Enriched Defendants, so that those Defendants may not benefit from their unlawful holding of Plaintiffs' property.

77.   Plaintiffs are informed and believe that there are no adequate remedies at law to address the Unjustly Enriched Defendants' conduct.  The value of Plaintiffs' work has been destroyed, and consumers already are sufficiently confused about the origin of Plaintiffs' Designs.  Consequently this Court should make such orders or judgments as may be necessary to prevent the use of Plaintiffs' designs and of any other unjust practices, including but not limited to disgorgement of profits or imposition of a constructive trust.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, as follows:

## FIRST CAUSE OF ACTION FOR TRADEMARK INFRINGEMENT:

1.   For damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. 1114 / Lanham Act Section 43(a);

2.   For injunctive relief under 15 U.S.C. § 1116;

3.   For disgorgement of profits under 15 U.S.C. 1117(a);

4.   For destruction of the infringing items in Defendants' possession under 15 U.S.C. § 1118;

5.   For treble damages suffered by Plaintiff as a result of the willful and intentional infringements by Defendants under 15 U.S.C. § 1117(b);

6.   For attorney fees;

7.   For costs of suit; and

8.   For such other and further relief as the Court may deem just and equitable.

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900  Los Angeles, CA  90067
Tel.: 310.446.9900  •  Fax: 310.446.9909

**SECOND CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT:**

1.  For damages in an amount to be proven at trial for copyright infringement under 17 U.S.C. § 501 *et seq.*

2.  For injunctive relief under 17 U.S.C. § 502;

3.  For impounding and disposition of infringing articles under 17 U.S.C. § 503;

4.  For attorney's fees;

5.  For costs of suit; and

6.  For such other and further relief as the Court may deem just and equitable.

**THIRD CAUSE OF ACTION FOR DILUTION BY TARNISHMENT:**

1.  For damages in an amount to be proven at trial for dilution of trademark by tarnishment under 15 U.S.C. § 1125 et seq.;

2.  For injunctive relief under 15 U.S.C. § 1125(c)(5);

3.  For attorney fees;

4.  For costs of suit; and

5.  For such other and further relief as the Court may deem just and equitable.

**FOURTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES:**

1.  For restitution, injunctive, and/or other equitable relief;

2.  For disgorgement of profits;

3.  For all costs of suit; and

4.  For such other and further relief as the Court may deem just and equitable.

**FIFTH CAUSE OF ACTION FOR UNJUST ENRICHMENT / CONSTRUCTIVE TRUST:**

1.  For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution including the amount of monies that should have been paid if Defendants had complied with their legal obligations, or as equity requires;

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900 Los Angeles, CA 90067
Tel.: 310.446.9900 • Fax: 310.446.9909

2.    For an order from the Court that an asset freeze and/or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiffs.

3.    For damages in an amount to be proven at trial for Defendant's unjust enrichment;

4.    For Plaintiffs' reasonable attorney fees;

5.    For all costs of suit;

6.    For such other and further relief as the Court may deem just and equitable.


Dated: February 28, 2022              **Jacobson, Russell, Saltz, Nassim & de la Torre, LLP**


Michael J. Saltz, Esq.
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury in this action.


Dated: February 28, 2022              **Jacobson, Russell, Saltz, Nassim & de la Torre, LLP**


Michael J. Saltz, Esq.
Attorneys for Plaintiffs

**Jacobson, Russell, Saltz, Nassim & de la Torre, LLP**
1880 Century Park East, Suite 900  Los Angeles, CA  90067
Tel.: 310.446.9900 • Fax: 310.446.9909