**JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP**
Michael J. Saltz, Esq.  SBN 189751
msaltz@jrsnd.com
Elana R. Levine, Esq. SBN 234155
lani@jrsnd.com
1880 Century Park East, Suite 900
Los Angeles, CA  90067
Telephone: (310) 446-9900; Facsimile: (310) 446-9909
Attorneys for Plaintiffs

| | |
|---|---|
| NED M. GELHAAR (SBN 163185)<br>ngelhaar@enensteinlaw.com<br>MATTHEW W. ROSENE (SBN 294158)<br>mrosene@enensteinlaw.com<br>ENENSTEIN PHAM & GLASS<br>12121 Wilshire Boulevard, Suite 600<br>Los Angeles, California 90025<br>Tel.: (310) 899-2070<br>Fax: (310) 496-1930<br>Attorneys for Defendants | KEVIN P. HARTLEY (*pro hac vice*)<br>kevin@trusttree.com<br>JAMES R. MICHELS (*pro hac vice*)<br>randy@trusttree.com<br>WILLIAM C. FERRELL (*pro hac vice*)<br>bill@trusttree.com<br>TRUST TREE LEGAL, P.C.<br>798 Berry Road, #41400<br>Nashville, Tennessee 37204<br>Tel.: (615) 852-8408<br>Attorneys for Defendants |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL BETH KATZ, an individual; and RACHEL KATZ, LLC, a California Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTIN CAVALLARI, an individual; UNCOMMON JAMES, LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-01336-JFW(PVCx)<br><br>Hon. John F. Walter<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Date:  May 9, 2022**<br>**Time: 1:15 p.m.**<br>**Courtroom: 7A** |

Case No.: 2:22-CV-01336-JFW(PVCx)
File No.:  8.189.001

1

JOINT RULE 26(f) REPORT

The Parties Hereby Submit their Joint 26(f) Report as follows:

1) Subject Matter Jurisdiction and Status of Service

The Court has original subject matter jurisdiction over Plaintiffs' federal claims and Defendants' Counterclaims arising under the Copyright Act of 1976, Title 17 United States Code Section 101 *et seq.*, under 28 United States Code Sections 1331, 1338(a) and (b). All parties have been served.

2) A Brief Chronology of the Facts and Statement of Principal Facts in Dispute

    a. Plaintiffs' Statement of the Case

Plaintiffs Rachel Beth Katz and Rachel Katz, LLC (collectively "Plaintiffs") create and design unique jewelry for sale to consumers throughout the United States. Plaintiffs own these designs in exclusivity. They use them for profit by selling individual pieces of each jewelry design. Plaintiffs have alleged that Defendants Kristin Cavallari and Uncommon James, LLC and Does 1-10 ("Defendants") have knowingly and intentionally used at least two of such designs in the production of unauthorized "knockoff" or imitations goods, which infringe on Plaintiffs' intellectual property rights.

Plaintiff Rachel Beth Katz owns, and had owned prior to the infringing acts complained of herein, United States Copyright Registration No. VA-0001940920, which included two-dimensional graphics depicting jewelry styles designed by Plaintiffs. Plaintiff Rachel Katz LLC owns, and had owned prior to the infringing acts complained of herein, United States Copyright Registration No. VA-0001990941. Plaintiff Rachel Katz LLC owns, and had owned prior to the infringing acts complained of herein, United States Patent and Trademark Office Registration No. 5393108, which describes a registered design trademark for jewelry styles designed by Plaintiffs. The trademark registration describes the mark as follows: "The mark consists of three-dimensional configuration of a ring featuring two parallel bands that are connected by arrows pointing towards each other forming the band." Rachel Katz LLC's trademark registration also includes a two-dimensional graphic depicting the protected jewelry design.

In particular, Plaintiffs designed and offered for sale two distinctive jewelry pieces, which are her "Diamond Dagger Ring" and her "Diamond Dagger Cuff." Those pieces use her "Dagger Style" of jewelry design, which constitute the Designs protected by Plaintiffs' registered trademarks and copyrights as set forth above. The Dagger Style of Rachel Katz Jewelry consists of two gold-colored parallel bands that come together at the ends in a "V" formation and curve around the wearer's wrist or finger. The "V" formation is lined with seven (7) diamond studs. A single diamond marks the closing point of the "V" formation, and a row of three (3) diamonds extends down each side of the "V."

Defendants have misappropriated the Designs, and are selling Infringing Items online and to retail stores throughout the United States, including but not limited to sales within this judicial district. Defendants are, without Plaintiffs' authorization, unlawfully reproducing, importing, distributing, and/or selling Infringing Items in this judicial district that feature a design that is identical to, or substantially similar to, Plaintiffs' Designs. Defendants' infringing uses of the Designs are not limited to the Infringing Items described above, and other pieces Defendants created, manufactured, or caused to be distributed may also infringe on Plaintiffs' intellectual property rights in the Designs.

In or about March 2021, Plaintiffs caused a letter to be delivered to Defendants. The letter expressed concern that the Uncommon James items seemed to resemble the Plaintiffs' Designs too closely. The letter provided Plaintiffs' contact information and requested that the recipient provide more information about the design of the Infringing Items. Defendants ignored, disregarded, or otherwise failed to respond to Plaintiffs' letter. On or about May 24, 2021, Plaintiff Rachel Beth Katz visited the online catalog for Uncommon James jewelry. The catalog offered the Infringing Items for sale online, including but not limited to the Paradise Bracelet and the Sunset Ring.

b) Defendants' Statement of the Case

Defendants deny that Plaintiff is entitled to any of the relief sought in this dispute. Defendants maintain that they have not infringed any intellectual property belonging to

Plaintiffs or otherwise caused any harm to Plaintiffs. Defendants further allege that Plaintiffs do not have enforceable intellectual property rights.

On April 8, 2022, Defendants filed Counterclaims alleging that Plaintiffs federal trademark registration is invalid and should be cancelled. The basis for Defendants' Counterclaims is that Plaintiffs have not established the Designs are distinctive or have acquired distinctiveness and, therefore, are not entitled to the benefits of federal trademark registration.

3) The disputed points of law including reference to specific statutes and decisions

This case involves whether Defendants violated the following statutes: 1) Federal Trademark Infringement: 15 U.S.C. Section 1114 / Lanham Act Section 43(a) by failing to obtain the consent or authorization of Plaintiffs as the registered owner of the subject name and mark to commercially distribute and market jewelry that was substantially similar to Plaintiffs' Designs into the stream of commerce and thereafter intentionally and knowingly using in commerce a reproduction, counterfeit, copy, and/or colorable imitation of Plaintiffs' registered design trademarks in connect with the sale, offering for sale, distribution, or advertising of Plaintiffs' Designs by offering, advertising, promoting, retailing, selling, and distributing substantially similar items; 2) Federal Copyright Infringement: 17 U. S. C. Section 501(a) by failing to obtain Plaintiffs' consent or authorization to utilize, manufacture, reproduce, copy, display, commercially distribute and market in commerce or otherwise Plaintiffs' registered designs; 3) Dilution by Tarnishment: 15 U.S.C. Section 1125(c); California Business and Professions Code Section 14330 et seq., and California Common Law: Defendants' unauthorized and counterfeit use of Plaintiffs' famous Designs has diluted and will continue to dilute and tarnish Plaintiffs' name and value of their property, and is likely to detract from the distinctiveness of the Designs; 4) Unlawful, Unfair, Fraudulent Business Practices: California Business & Professions Code § 17200 et seq. by Defendants' violation of statutes and public policies; 5) Whether Plaintiffs' trademark

registration is valid pursuant to 28 U.S.C. § 2201; and 6) Whether Plaintiffs' trademark registration should be cancelled pursuant to Sections 24 and 37 of the Lanham Act, 15 U.S.C. § 1092 (Cancellation of marks on the Supplemental Register) and § 1119 (Power of Court Over Registration) because Plaintiffs' Counterclaimants design is incapable of functioning as a trademark through acquired distinctiveness.

4) Prior And Pending Motions, Their Current Status, And Any Anticipated Motions

There have been no prior motions. Plaintiffs anticipate filing a motion for Summary Judgment at a minimum regarding Defendants' Counter Claims.

5) The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings

At this time, Plaintiffs do not anticipate amending the complaint. The parties reserve the right should discovery identify any additional parties or claims.

6) Description of Initial Disclosures

The Parties have stipulated to a rolling disclosure so that costs can be managed to settle this case. The parties are disclosing all relevant information to one another.

7) Discovery

The Parties have not yet conducted discovery. The parties are exploring early resolution of this case, and are currently discussing private mediation. In the event that settlement discussions break down, the Parties do not anticipate any proposed limitations or modifications of the discovery rules. From Plaintiffs' perspective, discovery will include, but will not be limited to: sales data regarding the offending products; depositions of Persons Most Qualified regarding the products. As stated above, the parties have agreed to rolling disclosure and are being fully cooperative with one another in order to conserve resources. As for the remainder of the discovery plan pursuant to Federal Rule of Civil Procedure 26(f), after settlement efforts have been exhausted in the next few months, the parties do not anticipate that discovery should need to be conducted in phases or be limited or focused on particular issues. The parties have

already agreed to preserve electronically stored information and have agreed to produce it in native format. At this time, the Parties are unaware of any issues regarding claims of privilege or of protection as trial-preparation materials, but will continue to meet and confer to resolve these issues should an issue arise, such as entry into a stipulated protective order or agreement to file certain documents under seal. At this time, the parties are unaware of any changes that should be made in the limitations on discovery or any other orders that the court should issue under Rule 26(c), Rule 16(b) and (c).

8) Related Cases

The Parties are unaware of any related cases.

9) Relief Sought

All relief sought by the complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

The amount of damages sought by Plaintiffs is unknown at this time, as it is subject to discovery, by way of, *inter alia*, Defendants' sales data of the infringing goods. In addition to damages, Plaintiffs are also seeking injunctive relief; disgorgement of profits; destruction of the infringing items; an asset freeze and/or constructive trust; attorneys' fees and costs; and other relief that the Court deems proper.

10) Certification of Interested Parties

All parties have filed Certifications of Interested Parties. Plaintiffs' Certification of Interested Parties (Docket 10) lists Plaintiffs and Defendants. Defendants' Certification of Interested Parties (Docket 27) lists Defendants as interested parties. There are no parent corporations or publicly held corporations that have an interest in either Plaintiffs or Defendants.

11) Future Dates

The Parties have agreed to mediate this case by August 2022, and Defendants have already made certain settlement overtures. In order to further facilitate settlement and to

preserve judicial economy, the parties propose the following dates regarding completion of discovery, hearing of motions, pretrial conference, and trial date in the event that settlement discussions break down:

a) Deadline to Complete Non-Expert Discovery: March 15, 2023;

b) Expert Disclosure (initial): April 5, 2023

c) Expert Disclosure (rebuttal): May 3, 2023

d) Deadline to Complete Expert Discovery: May 31, 2023

e) Deadline to Hear Motions: July 31, 2023;

f) Final Pretrial Conference: October 26, 2023;

g) Trial Date: November 13, 2023.

Settlement discussions have begun in earnest. These proposed dates are subject to the length of the current settlement negotiation efforts. The parties have agreed to postpone all discovery and motion practice so that the parties can continue settlement efforts.

12) Estimate for Trial

This case will be tried to a jury. The Parties' estimate is 5-7 days.

13) Efforts Made to Settle Case

After Defendants were served with the complaint, Defendants expressed an interest in resolution. Thereafter, Defendants filed an answer and counterclaim to preserve certain rights. The Parties all agree that in order to maximize settlement prospects and to preserve judicial economy, efforts should be directed to mediation, rather than discovery for the next three months. Thereafter, should early settlement efforts fail, the Parties will proceed with discovery. Therefore, Defendants have agreed that Plaintiffs shall have additional time to respond to the Counterclaims. The parties will file a stipulation to this effect.

14) Whether this Case is Complex

This case is not complex and does not require reference to the procedures set forth in the Manual on Complex Litigation.

15) Dispositive Motions

Plaintiffs reserve the right to file a Motion for Summary Judgment. Defendants reserve the right to file a Motion for Summary Judgment.

16) Unusual Legal Issues

The Parties are not aware of any unusual legal issues presented by this case.

17) Proposals Regarding Severance, Bifurcation, or Other Ordering of Proof

The parties do not anticipate the need for severance, bifurcation, or any specific ordering of proof outside the ordinary practices of the Court.

Respectfully Submitted,

Dated: April 25, 2022

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP

By: */s/ Michael J. Saltz*
    Michael J. Saltz

*Attorneys for Plaintiffs*

TRUST TREE LEGAL, P.C.

By: */s/ Kevin P. Hartley*
    Kevin P. Hartley

*Attorneys for Defendants*